**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3502
_____

TYRONE K. WHITE,
                                        Appellant

v.

BETHESDA PROJECT INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2-16-cv-02309)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2017

Before:  FISHER, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: January 12, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Using a form complaint for employment discrimination litigation, Tyrone K.

White sued Bethesda Project Inc. ("BPI") in federal court and checked off line items in

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

that form indicating an intent to pursue claims for harassment and racial discrimination. The complaint's narrative portion suggested, however, that White used the wrong form. His actual claims appeared to be that BPI—operator of a Philadelphia homeless shelter—failed to safeguard White's medical records during his stay, forged White's signature on paperwork submitted to the Philadelphia Housing Authority, and removed White from its shelter in retaliation for his complaints about harassment. The District Court granted White's request to proceed in forma pauperis, and it dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.[1] The District Court gave White thirty days to cure that pleading defect.

White's amended complaint was substantively different from the original. It alleged that BPI case managers "deliberately gave" and "refused to provide" to White a Vulnerability Index Survey Consent Form. Documents that White attached to his new pleading included a decision from the Philadelphia Commission on Human Relations refusing to reopen White's case against BPI for, among other things, forced relocation. Again invoking 28 U.S.C. § 1915(e)(2)(B)(ii), the District Court dismissed White's amended complaint. But it afforded White another opportunity to amend.

The totality of allegations in White's latest complaint was: Hilary Coulter (a BPI case manager) "incorrectly signed a name very similar to [White's]" and instructed Geoffrey Ng (her supervisor) to illegally conduct a Vulnerability Index Survey, which

---

[1] Rule 8 requires a statement of claim to be short, plain, and indicative of a right to relief.

Virginia Wilhoff (another BPI case manager) failed to "reconcile." Elsewhere in the pleading White cited the Fourteenth Amendment, sought damages for "discrimination," and hand-copied a disclaimer used by the U.S. Department of Housing and Urban Development. The District Court dismissed the second amended complaint with prejudice because, while it appeared to invoke § 1983 and the Fair Housing Act ("FHA"), "[i]t is not clear from the complaint how the defendant's actions violated any federal statute or how those actions could be the product of illegal discrimination." The District Court determined that further leave to amend would be futile. This appeal followed.

White principally argues that he should have been given a third attempt to amend his complaint (White made no such request below). He clarifies that this suit concerns the FHA, and cites a HUD regulation—24 C.F.R. § 100.202—that prohibits disability discrimination with respect to the sale or rental of a "dwelling."[2] Yet, White falls far short of providing sufficient factual material for a hypothetical third amended complaint that, accepted as true, shows an entitlement to relief. We will thus affirm, concluding that the District Court neither erred in dismissing White's second amended complaint under § 1915(e)(2)(B)(ii) nor abused its discretion in denying further leave to amend.

---

[2] This appeal gives us no reason to decide whether BPI's homeless shelter is a "dwelling" subject to the FHA, using our two-part test from Lakeside Resort Enters., LP v. Bd. of Supervisors of Palmyra Twp., 455 F.3d 154, 158 (3d Cir. 2006). While courts have found a variety of shelters to be FHA-covered "dwellings," see, e.g., Cmty. House, Inc. v. City of Boise, 490 F.3d 1041, 1044 n.2 (9th Cir. 2006) (en banc); Hunter ex rel. A.H. v. District of Columbia, 64 F. Supp. 3d 158, 175 (D. D.C. 2014), inquiry under Lakeside Resort is guided by the specific facts of each case.