**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3257
_____

TYRONE K. WHITE,
                                                    Appellant

v.

TINA PAGOTTO, CEO; BETHESDA PROJECT INC; KE SMITH, PHA
Representative; PHILADELPHIA HOUSING AUTHORITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-03668)
District Judge:  Honorable Chad F. Kenney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 27, 2023

Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed August 2, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Tyrone White appeals pro se from the District Court's order dismissing his amended complaint for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8 and failure to state a claim under 28 U.S.C. § 1915(e)(2)(b). For the following reasons, we will affirm.

In 2022, White filed a complaint pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981, the Rehabilitation Act, and the Pennsylvania Human Relations Act, alleging that he suffered discrimination and retaliation related to his participation in a subsidized housing program managed by Bethesda Project, Inc. After granting White leave to proceed in forma pauperis, the District Court dismissed the complaint for failure to state a clear basis for a claim pursuant to Federal Rule of Civil Procedure 8 and 28 U.S.C. § 1915(e)(2)(B)(ii), and it granted White leave to file an amended complaint. White filed a "Statement of Claim," which the District Court construed as an amended complaint. In that pleading, White argued that Bethesda Project, Inc. violated his equal protection rights by treating him differently from other similarly situated residents of various races who received different case management services related to their social security or housing benefits. The District Court explained that White had failed to present a "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 and had also failed to state a claim. This time, it dismissed the complaint with prejudice. White now appeals.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the District Court's dismissal of a complaint for failure to comply with the requirements of Rule 8, see Garrett v. Wexford Health, 938 F.3d 69, 91 (3d Cir. 2019), and exercise plenary review over the dismissal for failure to state a claim, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).[1]

Whether Rule 8's "short and plain statement" requirement is satisfied "is a context-dependent exercise." W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). "Fundamentally, Rule 8 requires that a complaint provide fair notice of what the claim is and the grounds upon which it rests." Garrett, 938 F.3d at 92 (cleaned up). In assessing whether a complaint complies with Rule 8, we "are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." Id. Meanwhile, as we have explained to White in affirming the dismissal of similar claims he has raised in the past, to survive dismissal under § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual allegations, taken as true, to state a claim to relief that is plausible on its face." White v. Barbe, 767 F. App'x 332, 334 (3d Cir. 2019) (per curiam) (alteration omitted) (quoting Fleisher v. Standard Ins., 679 F.3d 116, 120 (3d

---

[1] To the extent that White's appellate filings contain new arguments not raised in the District Court, we decline to consider them. See In re Reliant Energy Channelview LP, 594 F.3d 200, 209 (3d Cir. 2010) (explaining that "we will not consider new claims for the first time on appeal").

Cir. 2012)); see also White v. Bethesda Project Inc., 672 F. App'x 218, 219 (3d Cir. 2017) (per curiam).

We conclude that the District Court did not err here. First, while White's amended complaint listed a single defendant, it did not identify specific actions taken by the defendant in regard to his claims, nor did it present cognizable legal claims to which the defendant could respond on the merits. See Garrett, 938 F.3d at 93–94. Given how vague White's pleading is, it is entirely unclear what actions the defendant took or what harm, if any, occurred as a result.

Relatedly, we agree with the District Court that White failed to state a claim for relief. He sought to proceed under § 1983, but made no allegations showing that the named defendant, Bethesda Project, Inc., is a state actor. And even more fundamentally, while White asserted an equal-protection claim, he failed to allege that the defendants took any specific racially motivated actions or that any similarly situated people were treated differently from him. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (explaining that a complainant's factual allegations must be enough to raise a right to relief above the speculative level).[2]

---

[2] In his initial complaint, White also alleged that the defendants discriminated against him on the basis of a perceived disability (despite that he was not disabled). We agree with the District Court's conclusion that White failed to state plausible equal protection or disability discrimination claims because his allegations were conclusory and unsupported by clear facts.

4

In sum, despite being given multiple opportunities to do so,[3] White failed to comply with Rule 8 or state a plausible claim for relief. Accordingly, we will affirm the District Court's judgment.

---

[3] The District Court also did not abuse its discretion by dismissing White's action with prejudice. After White's initial complaint was dismissed for failing to indicate specific and cognizable allegations, he was given the opportunity to submit an amended complaint. However, the amended complaint was even more conclusory and vague than its predecessor. We agree that it would be futile to allow him to file another amended complaint. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (noting that a district court must offer amendment when dismissing for failure to state a claim "unless doing so would be inequitable or futile").